DYK, Circuit Judge,
concurring-in-part and dissenting-in-part.
I join Parts I, IIB, and IIC of the majority opinion. However, I respectfully dissent from Part IIA. In my view, method claims 50 and 52 of the '875 patent and product claim 14 of the '826 patent are invalid for failure to satisfy the written description requirement.
I agree with the majority that the '875 and '826 patents are directed to solving *1385 two problems: (1) reducing metal usage, and (2) reducing scuffing to the can end wall. The metal usage problem is solved by “increasing the slope of the chuck wall and limiting the width of the anti-peaking bead.” '875 Patent col.l 11.33-34. The scuffing problem is solved by designing a chuck that drives only outside, and not inside, of the new, narrower anti-peaking bead (“bead”). See id. eol.4 11.44-47 (“The chuck ... is designed to enter the chuck wall without scratching or scuffing a coating on the can end; not to drive on the concave bead surface as shown [in the prior art].”).
Claim 50, from which claim 52 depends, addresses only the metal usage problem by increasing the slope of the chuck wall. It provides in relevant part:
performing said seaming operation by placing one or more seaming rolls into contact with said peripheral cover hook ... while said can end rotates so as ... to bend a portion of said can end wall upwardly around said juncture of said chuck walls at a first location on said can end wall, a straight line extending from said first location on said can end wall to said transition between said can end wall and said reinforcing bead inclined between about 20° and about 60° with respect to said axial centerline both before and after said seaming operation.
Id. col.15 11.30-41. Thus, claim 50 discloses an embodiment in which a can end wall having an increased slope can be combined with the wider, prior art bead, and it is not limited to driving the chuck outside the bead. The question, then, is whether this embodiment is disclosed in the specification and whether claims 50 and 52 can satisfy the written description requirement.
Relying on Revolution Eyewear, the majority holds that the claims are valid. However, Revolution Eyewear, in holding that a claim may address only one of the purposes disclosed in the specification, still requires explicit disclosure of the embodiments in the claims: “Inventors can frame their claims to address one problem or several, and the written description requirement will be satisfied as to each claim as long as the description conveys that the inventor was in possession of the invention recited in that claim.” Revolution Eyewear, Inc. v. Aspex Eyewear, Inc., 563 F.3d 1358, 1367 (Fed.Cir.2009) (emphasis added). Therefore, the claims, whether directed to solving a single problem or multiple problems, must still be grounded in the specification.
There is no question that the specification does not teach combining the sloped can end wall together with the wider, prior art bead and driving the chuck into the bead instead of the sloped can end wall. That combination is a new and distinct invention, and our written description jurisprudence requires that it be described in the specification. The fact that the claims are broad enough to cover such an invention or imply that the claims cover such an invention is not sufficient when the invention itself is not described either in the claims or elsewhere in the specification. The failure of the specification to describe the invention requires invalidation of claims 50 and 52.
Similarly, product claim 14, which depends from claim 13, discloses a can end wall having an increased slope in combination with a wider, prior art bead. Because this combination is a separate invention not disclosed in the specification, claim 14 is also invalid for failure to satisfy the written description.
Under our written description precedent, failure to disclose a claimed invention is fatal to a claim’s validity. In Ariad Pharmaceuticals, Inc. v. Eli Lilly & Co., 598 F.3d 1336, 1351 (Fed.Cir.2010), we *1386 held that “the hallmark of -written description is disclosure.” “[I]f the claimed invention does not appear in the specification, ... the claim ... fails regardless [of] whether one of skill in the art could make or use the claimed invention.” Id. at 1348. The specification must convey with “reasonable clarity” to those of skill in the art that the inventor was in possession of the claimed invention as of the filing date of the patent application. Vas-Cath, Inc. v. Mahurkar, 935 F.2d 1555, 1563-64 (Fed.Cir.1991).
For these reasons, I would affirm summary judgment that product claim 14 of the '826 patent and method claims 50 and 52 of the '875 patent are invalid for failure to comply with the written description requirement.